# EXHIBIT
# 1



| Overview



**IHCP Provider Agreement**                                        www.indianamedicaid.com

### IHCP Provider Agreement Overview

### New Enrollee or New Provider Type:

If the application you completed is a first-time enrollment in the Indiana Health Coverage Programs (IHCP), you are required to complete and sign a Provider Agreement to fulfill your enrollment requirements. Providers whose eligibility has lapsed for one year or greater are required to re-enroll to restore their eligibility. A full enrollment packet must be submitted for processing. An owner or official with your business must sign the *IHCP Provider Agreement*. An original signature is required. A new IHCP number is assigned to each Provider Type enrolled in the IHCP.

### Additional Service Location:

If the application you completed was used to enroll an additional service location to your existing business, you are not required to sign an *IHCP Provider Agreement*.

### Provider Agreement Summary:

The Agreement details the requirements for participation in the IHCP. Included are provider responsibilities regarding updating provider information, protecting patient health information, requirements for claims processing, overpayments, and record retention. In addition, the Agreement details obligations regarding the appeals process, civil rights regulation compliance, utilization, control, and disclosure rules. The entire Agreement must be read, signed, and returned with the application. A signed copy must be retained by the provider.

< Page 13 of 39 >

IHCP Provider Agreement, Overview
Version 2.0, April 2009

EDS Provider Enrollment Unit
P.O. Box 7263
Indianapolis, IN 46207-7263



| Provider Agreement

 

## This agreement must be completed, signed, and returned to EDS for processing.

By execution of this Agreement, the undersigned entity ("Provider") requests enrollment as a provider in the Indiana Health Coverage Programs. As an enrolled provider in the Indiana Health Coverage Programs, the undersigned entity agrees to provide covered services and/or supplies to Indiana Health Coverage Program members. As a condition of enrollment, this agreement cannot be altered and the Provider agrees to all of the following:

1. To comply, on a continuing basis, with all enrollment requirements established under rules adopted by the state of Indiana Family and Social Services Administration ("IFSSA").

2. To comply with all federal and state statutes and regulations pertaining to the Indiana Health Coverage Programs, as they may be amended from time to time.

3. To meet, on a continuing basis, the state and federal licensure, certification or other regulatory requirements for Provider's specialty including all provisions of the state of Indiana Medical Assistance law, state of Indiana Children's Health Insurance Program law, or any rule or regulation promulgated pursuant thereto.

4. To notify IFSSA or its agent within ten (10) days of any change in the status of Provider's license, certification, or permit to provide its services to the public in the state of Indiana.

5. To provide covered services and/or supplies for which federal financial participation is available for Indiana Health Coverage Program members pursuant to all applicable federal and state statutes and regulations.

6. To safeguard information about Indiana Health Coverage Program members including at a minimum:

    a. members' name, address, and social and economic circumstances;

    b. medical services provided to members;

    c. members' medical data, including diagnosis and past history of disease or disability;

    d. any information received for verifying members' income eligibility and amount of medical assistance payments;

    e. any information received in connection with the identification of legally liable third party resources.

7. To release information about Indiana Health Coverage Program members only to the IFSSA or its agent and only when in connection with:

    a. providing services for members; and

    b. conducting or assisting an investigation, prosecution, or civil or criminal proceeding related to the provision of Indiana Health Coverage Program covered services.

8. To maintain a written contract with all subcontractors, which fulfills the requirements that are appropriate to the service or activity delegated under the subcontract. No subcontract, however, terminates the legal responsibility of the contractor to the agency to assure that all activities under the contract are carried out.

9. Provider also agrees to notify the IHCP in writing of the name, address, and phone number of any entity acting on Provider's behalf for electronic submission of Provider's claims. Provider understands that the State requires 30-days prior written notice of any changes concerning Provider's use of entities acting on Provider's behalf for electronic submission of Provider's claims and that such notice shall be provided to the IHCP.

10. To submit claims for services rendered by the Provider or employees of the Provider and not to submit claims for services rendered by contractors unless the provider is a healthcare facility (such as hospital, ICF-MR, or nursing home), or a government agency with a contract that meets the requirements described in item 8 of this Agreement. Healthcare facilities and government agencies may, under circumstances permitted in federal law, subcontract with other entities or individuals to provide Indiana Health Coverage Program covered services rendered pursuant to this Agreement.

11. To comply, if a hospital, nursing facility, provider of home health care and personal care services, hospice, or HMO; with advance directive requirements as required by 42 Code of Federal Regulations, parts 489, subpart I, and 417.436.

12. To abide by the Indiana Health Coverage Programs Provider Manual, as amended from time to time, as well as all provider bulletins and notices. Any amendments to the provider manual, as well as provider bulletins and

< Page 14 of 39 >

notices, communicated to Provider shall be binding upon receipt. Receipt of amendments, bulletins and notices by Provider shall be presumed when mailed to the billing Provider's current "mail to" address on file with IFSSA or its fiscal agent.

13. To submit timely billing on Indiana Health Coverage Program approved claim forms, as outlined in the *Indiana Health Coverage Programs Provider Manual*, bulletins, and banner pages, in an amount no greater than Provider's usual and customary charge to the general public for the same service.

14. To be responsible and accountable for the completion, accuracy, and validity of all claims filed under the provider number issued, including claims filed by the Provider, the Provider's employees, or the Provider's agents. Provider understands that the submission of false claims, statements, and documents or the concealment of material fact may be prosecuted under the applicable federal and/or state law.

15. To submit claim(s) for Indiana Health Coverage Program reimbursement only after first exhausting all other sources of reimbursement as required by the *Indiana Health Coverage Programs Provider Manual*, bulletins, and banner pages.

16. To submit claim(s) for Indiana Health Coverage Program reimbursement utilizing the appropriate claim forms and codes as specified in the provider manual, bulletins and notices.

17. To submit claims that can be documented by Provider as being strictly for:

    a. medically necessary medical assistance services;

    b. medical assistance services actually provided to the person in whose name the claim is being made; and

    c. compensation that Provider is legally entitled to receive.

18. To accept payment as payment in full the amounts determined by IFSSA or its fiscal agent, in accordance with federal and state statutes and regulations as the appropriate payment for Indiana Health Coverage Program covered services provided to Indiana Health Coverage Program members (recipients). Provider agrees not to bill members, or any member of a recipient's family, for any additional charge for Indiana Health Coverage Program covered services, excluding any co-payment permitted by law.

19. To refund within fifteen (15) days of receipt, to IFSSA or its fiscal agent any duplicate or erroneous payment received.

20. To make repayments to IFSSA or its fiscal agent, or arrange to have future payments from the Indiana Health Coverage Program withheld, within sixty (60) days of receipt of notice from IFSSA or its fiscal agent that an investigation or audit has determined that an overpayment to Provider has been made, unless an appeal of the determination is pending.

21. To pay interest on overpayments in accordance with *IC 12-15-13-3, IC 12-15-21-3*, and *IC 12-15-23-3*.

22. To make full reimbursement to IFSSA or its fiscal agent of any federal disallowance incurred by IFSSA when such disallowance relates to payments previously made to Provider under the Indiana Health Coverage Programs.

23. To fully cooperate with federal and state officials and their agents as they conduct periodic inspections, reviews and audits.

24. To make available upon demand by federal and state officials and their agents all records and information necessary to assure the appropriateness of Indiana Health Coverage Program payments made to Provider, to assure the proper administration of the Indiana Health Coverage Program and to assure Provider's compliance with all applicable statutes and regulations. Such records and information are specified in *405 IAC 1-5* and in the *Indiana Health Coverage Programs Provider Manual*, and shall include, without being limited to, the following:

    a. medical records as specified by Section 1902(a)(27) of Title XIX of the Social Security Act, and any amendments thereto;

    b. records of all treatments, drugs and services for which vendor payments have been made, or are to be made under the Title XIX or Title XXI Program, including the authority for and the date of administration of such treatment, drugs or services;

    c. any records determined by IFSSA or its representative to be necessary to fully disclose and document the extent of services provided to individuals receiving assistance under the provisions of the Indiana Health Coverage Program;

    d. documentation in each patient's record that will enable the IFSSA or its agent to verify that each charge is due and proper;

    e. financial records maintained in the standard, specified form;

    f. all other records as may be found necessary by the IFSSA or its agent in determining compliance with any federal or state law, rule, or regulation promulgated by the United States Department of Health and Human Services or by the IFSSA; and

    g. any other information regarding payments claimed by the provider for furnishing services to the plan.

< Page 15 of 39 >

25. To cease any conduct that IFSSA or its representative deems to be abusive of the Indiana Health Coverage Program.

26. To promptly correct deficiencies in Provider's operations upon request by IFSSA or its fiscal agent.

27. To make a good faith effort to provide and maintain a drug-free workplace. Provider will give written notice to the State within ten (10) days after receiving actual notice that the provider or an employee of the provider has been convicted of a criminal drug violation occurring in the provider's workplace.

28. To file all appeal requests within the time limits listed below. Appeal requests must state facts demonstrating that:

    a.   the petitioner is a person to whom the order is specifically directed;

    b.   the petitioner is aggrieved and, or adversely affected by the order;

    c.   the petitioner is entitled to review under the law.

29. Provider must file a statement of issues within the time limits listed below, setting out in detail:

    a.   the specific findings, actions, or determinations of IFSSA from which Provider is appealing;

    b.   with respect to each finding, action or determination, all statutes or rules supporting Provider's contentions of error.

30. Time limits for filing an appeal and the statement of issues are as follows:

    a.   A provider must file an appeal of any of the following actions within sixty days of receipt of IFSSA's determination:

        1)   A notice of program reimbursement or equivalent determination regarding reimbursement or a year end cost settlement.

        2)   A notice of overpayment.

        3)   The statement if issues must be filed with the request for appeal.

    b.   All appeals of actions not described in (a) must be filed within 15 days of receipt of IFSSA's determination. The statement of issues must be filed within 45 days of receipt of IFSSA's determination.

31. To cooperate with IFSSA or its agent in the application of utilization controls as provided in federal and state statutes and regulations as they may be amended from time to time.

32. To comply with the advance directives requirements as specified in 42 C.F.R. part 489, subpart I, and 42 C.F.R. 417.436(d), as applicable.

33. To comply with civil rights requirements as mandated by federal and state statutes and regulation by ensuring that no person shall, on the basis of race, color, national origin, ancestry, disability, age, sex or religion, be excluded from participation in, be denied the benefits of, or be otherwise subject to discrimination in the provision of a Indiana Health Coverage Program covered service.

34. The Provider and its agents shall abide by all ethical requirements that apply to persons who have a business relationship with the State, as set forth in *Indiana Code § 4-2-6 et seq.*, Indiana Code § 4-2-7, et seq., the regulations promulgated thereunder, and *Executive Order 04-08*, dated April 27, 2004. If the Provider is not familiar with these ethical requirements, the Provider should refer any questions to the Indiana State Ethics Commission, or visit the Indiana State Ethics Commission Web site at <<<http://www.in.gov/ethics/>>>. If the Provider or its agents violate any applicable ethical standards, the State may, in its sole discretion, terminate this Agreement immediately upon notice to the Provider. In addition, the Provider may be subject to penalties under *Indiana Code § 4-2-6, 4-2-7, 35-44-1-3, and under any other applicable laws.*

35. To disclose information on ownership and control, information related to business transactions, information on change of ownership, and information on persons convicted of crimes in accordance with *42 Code of Federal Regulations, part 455, subpart B*, and *405 IAC 1-19*. Long term care providers must comply with additional requirements found in *405 IAC 1-20*. Pursuant to *42 Code of Federal Regulations, part 455.104(c)*, OMPP must terminate an existing provider agreement if a provider fails to disclose ownership or control information as required by federal law.

36. To submit within 35 days of the date of request by the federal or state agency full and complete information about ownership of subcontractors with whom the provider has had more than $25,000 in a twelve month hearing period, and any significant business transactions between the provider and any (1) wholly owned supplier or (2) subcontractor during five-year period ending with the date of request.

37. Long term care providers must comply with additional requirements found in *405 IAC 1-20*. Pursuant to *42 Code of Federal Regulations, part 455.104(c)*, OMPP must terminate an existing provider agreement if a provider fails to disclose ownership or control information as required by federal law.

38. To furnish to IFSSA or its agent, as a prerequisite to the effectiveness of this Agreement, the information and documents set out in Schedules A through I to this Agreement, which are incorporated here by reference, and to update this information as it may be necessary.

< Page 16 of 39 >

39. That subject to item 32, this Agreement shall be effective as of the date set out in the provider enrollment notification letter.

40. That this Agreement may be terminated as follows:

    a. By IFSSA or its fiscal agent for Provider's breach of any provision of this Agreement as determined by IFSSA; or

    b. By IFSSA or its fiscal agent, or by Provider, upon 60 days written notice.

41. That this Agreement has not been altered, and upon execution, supersedes and replaces any provider agreement previously executed by the Provider.

42. For long term care providers involved in a change of ownership, this agreement acts as an amendment to the transferor's agreement with IHCP to bind the transferee to the terms of the previous agreement; and any existing plan of correction and pending audit findings in accordance with *405 IAC 1-20*.

43. For new owners of nursing facilities or intermediate care facilities for the mentally retarded, to accept the assignment of the provider agreement executed by the previous owner(s) as required by 42 CFR 442.14.

44. For any entity that receives or makes annual payments totaling at least $5,000,000 annually as described in 42 U.S.C. 1396a(a)(68), to establish written policies that provide detailed information about federal and state False Claims Acts, whistleblower protections, and entity policies and procedures for preventing and detecting fraud and abuse. In any inspection, review, or audit of the entity by OMPP or its contractors, the entity shall provide copies of the entity's written policies regarding fraud, waste, and abuse upon request. Entity shall submit to OMPP a corrective action plan within 60 days if the entity is found not to be in compliance with any part of the requirements stated in this paragraph.

45. To verify and maintain proof of verification that no employee or contractor is an excluded individual or entity with the Health and Human Services (HHS) Office of the Inspector General (OIG). Providers shall review the HHS-OIG List of Excluded Individuals/Entities (LEIE) database for excluded parties. This LEIE database is accessible to the general public at http://www.oig.hhs.gov/fraud/exclusions.asp.

THE UNDERSIGNED, BEING THE PROVIDER OR HAVING THE SPECIFIC AUTHORITY TO BIND THE PROVIDER TO THE TERMS OF THIS AGREEMENT, AND HAVING READ THIS AGREEMENT AND UNDERSTANDING IT IN ITS ENTIRETY, DOES HEREBY AGREE TO ABIDE BY AND COMPLY WITH ALL THE STIPULATIONS, CONDITIONS, AND TERMS SET FORTH HEREIN. THE UNDERSIGNED ACKNOWLEDGES THAT THE COMMISSION OF ANY INDIANA HEALTH COVERAGE PROGRAM RELATED OFFENSE AS SET OUT IN *42 USC 1320a-7b* MAY BE PUNISHABLE BY A FINE OF UP TO $25,000 OR IMPRISONMENT OF UP TO FIVE YEARS OR BOTH.

| Provider Agreement-Authorized Signature - All Schedules and Applicable Addendums | |
|---|---|
| **The owner or an authorized representative of the business entity directly, or ultimately responsible for operating the business enterprise must complete this section. In addition, all rendering providers must sign this section.** | |
| Provider's Business Name (Please Print): | Tax ID: |
| Authorized Official's or Rendering Provider's Name (Please Print): | Title: |
| Authorized Official's or Rendering Provider's Signature: | Date: |

< Page 17 of 39 >