IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 MAY 10 PM 4:34
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF INDIANA, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

1:11-cv-0630 TWP -TAB

**MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION**

**COME NOW** Plaintiffs, by counsel, and move, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the immediate issuance of a temporary restraining order, followed by the issuance of a preliminary injunction in this cause, enjoining the enforcement of the challenged provisions of House Enrolled Act 1210 ("HEA 1210"). In support of this motion, the plaintiffs state as follows:

1. On May 10, 2011, Governor Mitch Daniels signed into law HEA 1210, which, as is relevant here and as is set forth in greater detail in the plaintiffs' Memorandum in Support of Motion for Preliminary Injunction (filed contemporaneously with the present Motion), does the following:

    a. Enacts Indiana Code § 5-22-17-5.5(b)–(d) (effective May 10, 2011), which, generally speaking, cancels all contracts and/or grants that plaintiff Planned Parenthood of Indiana, Inc. ("PPIN"), has with or through agencies of the State of Indiana, and prohibits any monies from being provided to PPIN by the State of Indiana, even when the State simply acts as a pass-through for federal funds. This includes funds currently provided to PPIN through the Medicaid program and through other federal statutes. These prohibitions occur because PPIN performs abortions and maintains and operates facilities at which abortions are performed,

1

        even though no state or federal funds are utilized by PPIN to perform abortions or abortion-related services. The defunding provisions of HEA 1210 went into effect immediately upon the Governor's signature.

    b. Amends Indiana Code § 16-34-2-1.1(a)(1)(E) and Indiana Code § 16-34-2-1.1(a)(1)(G) to provide that, before a pregnant woman may obtain an abortion in Indiana, the physician or his or her designee must inform the woman "[t]hat human physical life begins when a human ovum is fertilized by a human sperm" and "[t]hat objective scientific information shows that a fetus can feel pain at or before twenty (20) weeks of postfertilization age." The "informed consent" provisions of HEA 1210 go into effect on July 1, 2011.

2. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order is sought immediately enjoining the defendants ("State") from enforcing Indiana Code § 5-22-17-5.5(b)–(d) (effective May 10, 2011) against the plaintiffs, pending the outcome of a preliminary injunction hearing. A temporary restraining order is not sought against the enforcement of HEA 1210 to the extent that it amends Indiana Code § 16-34-2-1.1(a)(1)(E) and Indiana Code § 16-34-2-1.1(a)(1)(G), for these amendments do not go into effect until July 1, 2011. However, a preliminary injunction is sought against the enforcement of these provisions of HEA 1210.

3. "A temporary restraining order shall issue upon the same showing as a motion for preliminary injunction." *Aprimo, Inc. v. Executive Computing Pty Ltd.*, 2007 WL 3286479, *1 (S.D. Ind. Nov. 6, 2007). Therefore, plaintiffs must demonstrate a likelihood of success on the merits, that no adequate remedy at law exists, that they will suffer irreparable harm, and that the injunction will not harm the public interest." *Id.*

4. As is set forth in greater detail in the attached Declaration of Betty Cockrum, PPIN and its patients will suffer devastating and irreparable harm if Indiana Code § 5-22-17-5.5(b)–(d) (effective May 10, 2011) is allowed to take effect in violation of the Constitution and federal law. Most notably, in the past year PPIN has provided preventive care and family

planning services, as well as related services, to more than nine thousand three hundred (9,300) Medicaid patients throughout Indiana. PPIN has currently scheduled appointments with hundreds of such patients in the foreseeable future – including plaintiff Clemons – but will be unable to provide necessary care to these patients due only to the enactment of HEA 1210. Additionally, if the defunding provisions of HEA 1210 are allowed to take effect, PPIN will be forced to close approximately thirteen (13) health centers and to lay off approximately fifty-two (52) full-time employees. During 2010, 33,577 patients were serviced at these health centers. This injury is clearly "immediate and irreparable." FED. R. CIV. P. 65(b)(1)(A).

5. The Temporary Restraining Order should last initially for a period of fourteen (14) days. In the event that this Court does not reach a determination on the plaintiffs' Motion for Preliminary Injunction within that time-frame, the Court should extend said order for a like period until a decision issues on the plaintiffs' Motion for Preliminary Injunction. *See* FED. R. CIV. P. 65(b)(2).

6. Additionally, a briefing schedule and hearing should be set on the plaintiffs' Motion for Preliminary Injunction, and a preliminary injunction should issue, without bond, against the enforcement of all challenged provisions of HEA 1210. The grounds for such an injunction are as follows:

   a. The plaintiffs will succeed on the merits of their legal claims.

   b. Absent a preliminary injunction, the plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

   c. The balance of harms favors the issuance of a preliminary injunction.

   d. The public interest favors the issuance of a preliminary injunction.

7. To support their request for a temporary restraining order the plaintiffs attach the Declaration of Betty Cockrum, which is incorporated by reference. Plaintiffs reserve the right to submit additional evidence prior to or at any hearing in this matter.

8. Contemporaneously with the present filing, the plaintiffs are filing their Memorandum of Law in Support of Temporary Restraining Order Motion for Preliminary Injunction, which is incorporated herein by reference.

**WHEREFORE,** the plaintiffs respectfully request the following:

1. The immediate issuance of a temporary restraining order enjoining the defendants from enforcing Indiana Code § 5-22-17-5.5(b)–(d) (effective May 10, 2011), as enacted by House Enrolled Act 1210.

2. The issuance of a preliminary injunction, without bond, enjoining the defendants from enforcing all challenged provisions of House Enrolled Act 1210.

3. All other proper relief.

*[signature]*

Kenneth J. Falk, Ind. Bar No. 6777-49
Gavin M. Rose
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
Ph:       317-635-4059
Fax:      317-635-4105
<kfalk@aclu-in.org>

Roger K. Evans[*]
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY  10001
Ph:       212-541-7800

Talcott Camp*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY  10004

*Attorneys for the Plaintiffs*

---

[*] Application for admission *pro hac vice* to be filed.