## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF INDIANA, INC., MICHAEL KING M.D., CARLA CLEARY C.N.M, LETITIA CLEMONS, and DEJIONA JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, DIRECTOR OF THE INDIANA STATE BUDGET AGENCY, COMMISSIONER OF THE INDIANA DEPARTMENT OF ADMINISTRATION, SECRETARY OF THE INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, THE PROSECUTOR OF MARION COUNTY, THE PROSECUTOR OF MONROE COUNTY and THE PROSECUTOR OF TIPPECANOE COUNTY, <br><br> Defendants. | Case No. 1:11-cv-630-TWP-TAB |

### ENTRY DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

This cause is before the Court on Plaintiffs', Michael King, M.D., Carla Cleary, C.N.M., Letitia Clemons, Dejiona Jackson, and Planned Parenthood of Indiana, Inc. ("Planned Parenthood") (collectively, "Plaintiffs"), Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. 9]. The Court has considered the Plaintiffs' brief in support of their Motion, and conducted oral arguments on May 10, 2011. For the reasons set forth below, the Court **DENIES** the Plaintiffs' Motion to the extent that it seeks a temporary restraining order and **TAKES UNDER ADVISEMENT** the Plaintiffs' Motion to the extent that it seeks a preliminary injunction, pending a hearing which will be held on **Monday, June 6, 2011, at 9:00 a.m.**, in Room 344 of the Birch Bayh Federal Building and United States District Courthouse, 46 East Ohio Street, Room 344, Indianapolis, Indiana.

On Tuesday, May 10, 2011, Governor Mitch Daniels signed into law House Enrolled Act 1210 (hereinafter "HE 1210"), a portion of which went into effect immediately. Among other things, this law has the effect of prohibiting Planned Parenthood from receiving State funding for basic services which include cervical PAP smears, cancer screenings, sexually transmitted infection testing and notification services, self examination instructions, and a variety of birth control options, all of which are services completely unrelated to abortion services. Immediately after Governor Daniels signed HE 1210 into law, Planned Parenthood filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction with this Court. Plaintiffs' proposed Temporary Restraining Order seeks to enjoin enforcement of HE 1210's provision relating to the defunding of Planned Parenthood which is codified as Indiana Code Section 5-22-17-5.5 (b) through (d).

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." (Emphasis added.) Here, Defendants have been put on notice regarding Plaintiffs' Motion, but have not yet had a full opportunity to respond in writing or provide any briefing on the legal issues that are before the Court. The United States Supreme Court has observed that injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997)).

The Court is not persuaded that Indiana Code Section 5-22-17-5.5 (b) through (d) will have a concrete and immediate effect that would warrant the extraordinary remedy of enjoining the law before the Defendants have the opportunity to fully contest the issues. The Court is mindful that Planned Parenthood currently has several scheduled appointments and has alleged that it will be unable to provide care to these patients. The Court is also mindful of Planned Parenthood's estimation that, as a result of this law, it will lose between $1.3 and $2 million dollars in revenue annually which in turn, could cause approximately 13 health centers to be closed and approximately 52 full-time employees to lose their jobs. But these are predictions and, for purposes of this Motion, the Court is reticent to equate predictions with irreparable harm. In other words, at this point, Planned Parenthood's harm resembles a gradual deterioration rather than in an immediate, irreparable harm, which is required for temporary injunctive relief. This position is reinforced by reports confirming that Planned Parenthood is indeed open today to see scheduled patients and, going forward, will be able to temporarily tap a Women's Health Fund to sustain operations. Further, Planned Parenthood has up to one year to submit those billing claims incurred after today.

## **CONCLUSION**

Given the exacting standard required for a temporary restraining order, Planned Parenthood's limited evidence, the fact that the parties have not yet had the opportunity to conduct discovery and the fact that the State has not yet had the opportunity to fully respond, Dkt. 9 is **DENIED** as it relates to Planned Parenthood's Motion for Temporary Restraining Order. Because the Court **TAKES UNDER ADVISEMENT** Plaintiffs' Motion [Dkt. 9] to the extent it seeks a preliminary injunction, the parties are ordered to meet with Magistrate Judge Baker on Wednesday, May 11, 2011, at 1:00 p.m., in Room 524 of this building to finalize an

expedited discovery plan and briefing schedule. Again, the hearing on preliminary injunctive relief shall be held on June, 6, 2011 at 9:00 a.m.

**IT IS SO ORDERED**.

Date: 5/11/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org, kkendall@aclu-in.org, jmensz@aclu-in.org

Jan P. Mensz
ACLU OF INDIANA
jmensz@aclu-in.org, jmensz@gmail.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov, badamclay@gmail.com, anne.dufour@atg.in.gov

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov, julie.stickle@atg.in.gov

Heather McVeigh
INDIANA OFFICE OF THE ATTORNEY GENERAL
hmcveigh@atg.in.gov, julie.stickle@atg.in.gov