IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

PLANNED PARENTHOOD OF INDIANA, INC., *et al.*,

    *Plaintiffs*,

v.

COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, *et al.*

    *Defendants*.

No. 1:11-cv-630-TWP-TAB

## **BRIEF IN SUPPORT OF EXPIDITED MOTION TO VACATE INJUNCTION**

    In 2011, Planned Parenthood of Indiana, Inc. brought this case challenging an Indiana statute designed to prevent the State from indirectly subsidizing abortions through state contracts and grants. Planned Parenthood alleged that the statute violated Medicaid's "any-qualified-provider" provision. This Court agreed, and after the Seventh Circuit rejected the argument that Planned Parenthood lacked a private right of action to enforce the any-qualified-provider provision, this Court entered a permanent injunction in favor of Planned Parenthood.

    Just last week, the U.S. Supreme Court rejected the premise underlying this Court's injunction: It held that Planned Parenthood *cannot* enforce Medicaid's any-qualified-provider provision in federal court against a State that withdraws subsidies for abortion. *See Medina v. Planned Parenthood S. Atl.*, No. 23-1275, 2025 WL 1758505, at *11 (U.S. June 26, 2025). With that change in the law, this Court's judgment and injunction in Planned Parenthood's favor can no longer stand. It is no longer equitable to continue enforcing an injunction that interferes with a law

1

enacted by the people's representatives to further a vital state interest in protecting prenatal life when that injunction's legal foundation has entirely eroded.

The Court should vacate its injunction under Federal Rule of Civil Procedure 60(b)(5). Defendants ask that this Court require any response to this motion to be filed within 7 days to facilitate its prompt resolution.

## BACKGROUND

This case arose out of a challenge to Indiana Code § 5-22-17-5.5—a statute designed to prevent the indirect subsidization of abortion and abortion providers. The statute prohibits any "agency of the state" from contracting with or making a grant to "any entity," other than a licensed hospital or ambulatory surgical center, "that performs abortions or maintains or operates a facility where abortions are performed." Ind. Code § 5-22-17-5.5(b); *see* § 5-22-17-5.5(c)–(d) (canceling appropriations for contracts and grants that would indirectly subsidize abortions).

In 2011, Planned Parenthood of Indiana, Inc., filed this case alleging that the statute violated Medicaid's any-qualified-provider provision, 42 U.S.C. § 1396a(a)(23). Dkt. 1. The any-qualified-provider provision states that "any individual eligible for medical assistance . . . may obtain such assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required." § 1396a(a)(23)(A). Planned Parenthood moved for a preliminary injunction to enjoin the Indiana statute's enforcement to the extent it would deny Planned Parenthood Medicaid funds. Dkt. 9. The State opposed, arguing (among other things) that Planned Parenthood lacked a private right of action against the State. Dkt. 30 at 4–7.

On June 24, 2011, the Court granted a preliminary injunction. Dkt. 76. The injunction barred "[a]ll attempts to stop current or future funding contracted for or due PPIN" and ordered defendants "to take all steps to insure that all monies are paid." *Id.* at 43. In granting that

preliminary injunction, the Court rejected Indiana's argument that Planned Parenthood lacked a private right of action. The Court ruled that "a private right of action exists under § 1983 in order to enforce the 'freedom of choice' provision." Dkt. 76 at 10.

On appeal, the Seventh Circuit affirmed the preliminary injunction in relevant part. The court rejected Indiana's argument that Planned Parenthood lacked a private right of action and ruled that "the free-choice-of-provider statute unambiguously gives Medicaid-eligible patients an individual right" enforceable under 42 U.S.C. § 1983. *Planned Parenthood of Ind., Inc. v. Comm'r of the Ind. State Dep't of Health*, 699 F.3d 962, 974 (7th Cir. 2012). The State petitioned for certiorari, urging the Supreme Court to decide whether "42 U.S.C. § 1396a(a)(23) create[s] federal 'rights' in Medicaid beneficiaries that may be privately enforced under 42 U.S.C. § 1983 by Medicaid beneficiaries and providers." Pet. for Writ of Cert. at i, *Sec. of the Ind. Fam. & Soc. Servs. Admin. v. Planned Parenthood of Ind., Inc.*, No. 12-1039 (U.S. 2013), 2013 WL 660665, at *i. The Court, however, denied certiorari. 569 U.S. 1004 (2013).

On remand, the parties recognized that the Seventh Circuit's decision dictated the outcome of Planned Parenthood's challenge under the any-qualified-provider provision and tendered a proposed judgment on Planned Parenthood's claim. *See* Dkt. 106 at 3–4. This Court then entered a final judgment permanently enjoining defendants from applying "Indiana Code § 5-22-17-5.5(b)–(d) to deny Planned Parenthood of Indiana, Inc. Medicaid funding and reimbursement" and stating that the statute "violat[ed] 42 U.S.C. § 1396a(a)(23) by denying Planned Parenthood of Indiana, Inc.'s Medicaid patients a free choice of medical provider." Dkt. 107 at 1–2.

Recently, on June 26, 2025, the U.S. Supreme Court held that Medicaid's any-qualified-provider provision does not create an enforceable private right of action. It held that Planned Parenthood South Atlantic could not sue South Carolina over a state policy similar to Indiana's.

*See Medina v. Planned Parenthood S. Atl.*, No. 23-1275, 2025 WL 1758505, at *11, *14 (U.S. June 26, 2025). This motion to vacate followed.

**ARGUMENT**

The Supreme Court's decision in *Medina v. Planned Parenthood South Atl.*, No. 23-1275, 2025 WL 1758505 (U.S. June 26, 2025), warrants vacatur of the permanent injunction in this case. Under Federal Rule of Civil Procedure 60(b)(5), relief from a final judgment is warranted where "applying it prospectively is no longer equitable." Rule 60(b)(5) provides for relief where "a significant change either in factual conditions or in law" renders continued enforcement of an injunction "detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) ((quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). A court "abuses its discretion 'when it refuses to modify an injunction or [other] decree in light of such changes.'" *Id.* (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)). Such changes require vacatur here.

**I.     The Supreme Court's Decision in *Medina* Erodes the Injunction's Foundation**

The Supreme Court's decision in *Medina* represents a "significant change in the law" that erodes the foundation for this Court's permanent injunction. In this case, Planned Parenthood brought a private action to enforce Medicaid's any-qualified-provider (or free-choice-of-provider) provision on the theory that Indiana Code § 5-22-17-5.5(b)–(d) violates the any-qualified-provider provision. Dkt. 1 at 11. One of Indiana's principal defenses was that the any-qualified-provider provision does not create a private right of action—a position it pressed before this Court, the Seventh Circuit, and the Supreme Court. *See* Dkt. 76 at 10; *Planned Parenthood of Ind., Inc. v. Comm'r of the Ind. State Dep't of Health*, 699 F.3d 962, 976–77 (7th Cir. 2012); Pet. for Writ of Cert. at *22–28, *Sec. of the Ind. Fam. & Soc. Servs. Admin. v. Planned Parenthood of Ind., Inc.*, No. 12-1039 (U.S. 2013), 2013 WL 660665. A permanent injunction was entered only after both

this Court and the Seventh Circuit rejected the argument, and the Supreme Court declined to grant review. *See* Dkt. 76 at 10; *Planned Parenthood*, 699 F.3d at 974.

After *Medina*, the Seventh Circuit's and this Court's holding that § 1396a(a)(23) creates a private right of action is no longer good law. In *Medina*, the Supreme Court confronted a determination by South Carolina that Planned Parenthood South Atlantic "could no longer participate in the State's Medicaid program" because Planned Parenthood provided abortions and state law "prohibit[ed] the use of . . . public funds for abortion." No. 23-1275, 2025 WL 1758505, at *4 (U.S. June 26, 2025). Planned Parenthood South Atlantic sued to enjoin the State from denying it the ability to participate in Medicaid, arguing that South Carolina's law violates 42 U.S.C. § 1396a(a)(23), and that the same statute creates a private right of action for individuals to enforce its provisions through a lawsuit. *Id.* at *5. The district court agreed and permanently enjoined South Carolina from "excluding Planned Parenthood from its Medicaid program." *Id.* The Fourth Circuit affirmed. *Id.*

The Supreme Court reversed. It explained that no private right of action will be inferred from Spending Cluse legislation unless the legislation provides "'clear and unambiguous' notice that it creates a personally enforceable right." 2025 WL 1758505, at *10 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002)). "Because spending-power legislation is 'in the nature of a contract,' a grantee must 'voluntarily and knowingly' consent to answer private § 1983 enforcement suits before they may proceed." *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 89 1, 17 (1981)). A private cause of action will only be inferred "in 'atypical' situations where the provision in question 'clear[ly]' and 'unambiguous[ly]' confers an individual 'right.'" *Id.* at *14 (citations omitted). But the "clear and unambiguous 'rights-creating language'"

that is required to provide this notice is "missing" from § 1396a(a)(23). *Id.* at *11. Thus, the Court held, no private right of action from § 1396a(a)(23) can be inferred. *Id.* at *14.

*Medina*'s holding fundamentally changes the legal landscape. Before *Medina*, the Seventh Circuit's earlier decision in this case established that Planned Parenthood of Indiana, Inc. could enforce § 1396a(a)(23). *Medina*, however, expressly holds that § 1396a(a)(23) does not confer a private right of action. This case could not have come out the same way if *Medina* was the prevailing law at the time this Court entered a permanent injunction.

**II.     Continued Enforcement of the Permanent Injunction Would be Inequitable and Detrimental to the Public Interest**

Because *Medina* expressly holds that abortion providers like Planned Parenthood have no right to enforce Medicaid's any-qualified-provider provision against States that withdraw indirect subsidies from abortion providers, the Court should vacate its permanent injunction. The Seventh Circuit has held that "entry and continued enforcement of a consent decree regulating the operation of a governmental body depend on the existence of a substantial claim under federal law." *Evans v. City of Chicago*, 10 F.3d 474, 480 (7th Cir. 1993); *see Rufo*, 502 U.S. at 378 (holding a consent decree is subject to vacatur under Rule 60(b)); *Shakman v. City of Chicago*, 426 F.3d 925, 934–35 (7th Cir. 2005) (similar). There is no longer a substantial federal claim here.

As described above, this Court's permanent injunction rests on the premise that Planned Parenthood can enforce Medicaid's any-qualified-provider provision against the State. But now the Supreme Court has clarified that Planned Parenthood cannot do so and that Indiana should never have been subject to suit in federal court. *See Medina*, No. 23-1275, 2025 WL 1758505, at *14. That is a substantial change in law eliminating any "substantial claim under federal law" that could support the injunction's continued enforcement. *Evans*, 10 F.3d at 480. "Prospective enforcement therefore is 'inequitable' within the meaning of Rule 60(b)(5)." *Id.* And federal courts

6

must "ensure that 'responsibility for discharging the State's obligations is returned promptly to the State and its officials' when the circumstances warrant. *Horne v. Flores*, 557 U.S. 433, 450 (2009) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 442 (2004)).

Vacatur is especially warranted here because a permanent injunction in the Medicaid context "raise[s] sensitive federalism" and separation-of-powers "concerns." *Horne*, 557 U.S. at 448. "Medicaid is cooperative federalism at work." *Saint Anthony Hosp. v. Whitehorn*, 132 F.4th 962, 966 (7th Cir 2025) (en banc). "If a state fails to hold up its end of the bargain, 'the typical remedy . . . is not a private cause of action' to enforce a right 'but rather action by the Federal Government to terminate funds to the State.'" *Id.* at 969 (quoting *Pennhurst*, 451 U.S. at 28). To bypass the enforcement process that Congress prescribed would "usurp[] Congress's role in creating rights and remedies," the Executive Branch's role in enforcing Medicaid, and the State's role in administering it. *Medina*, No. 23-1275, 2025 WL 1758505, at *13. As the Supreme Court itself observed in *Medina*, "separation of powers and federalism concerns" cut against permitting private enforcement of the Medicaid provision at issue here. *Id.* at *13 n.8.

Continued enforcement of the injunction does not merely interfere with federal-state arrangements. It also undermines a vital state policy in promoting "respect for and preservation of prenatal life at all stages of development." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 301 (2022). One of Indiana's most important public policies is to promote childbirth over abortion. *See* Ind. Code § 16-34-1-1. Indiana Code § 5-22-17-5.5 is designed to further that policy by preventing "the indirect subsidization of abortion," *Planned Parenthood*, 699 F.3d at 967—a procedure that "kills a human being," *Dobbs*, 597 U.S. at 2255. By preventing Indiana from effectuating its policy, the permanent injunction "clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 585 U.S. 579, 603 n.17 (2018). It would be incompatible with traditional equitable

principles and our system of government to prevent a State from enforcing laws duly enacted by the people's representatives once an injunction's legal basis has been eliminated by the country's highest court.

This Court should vacate the permanent injunction and judgment, and "promptly" return to Indiana the power to enforce its duly enacted laws. *Horne*, 557 U.S. at 450.

## CONCLUSION

The Court should vacate its final judgment and permanent injunction and enter judgment in favor of defendants.

        Respectfully submitted,

        THEODORE E. ROKITA
        Indiana Attorney General

By:   /s/ James A. Barta
       James A. Barta
       Solicitor General

       Office of the Indiana Attorney General
       Indiana Government Center South, Fifth Floor
       302 W. Washington Street
       Indianapolis, IN 46204-2770
       Telephone: (317) 232-0709
       Facsimile: (317) 232-7979
       James.Barta@atg.in.gov