UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF INDIANA, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:11-cv-630-TWP-TAB |
| COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION
TO EXPEDITED MOTION TO VACATE INJUNCTION**

**Introduction and Procedural History**

On May 10, 2011, the plaintiffs filed their Complaint for Declaratory and Injunctive Relief and Challenging the Constitutionality of State Statute ("Complaint") (Dkt. 1) in this cause. As is relevant here, the Complaint challenged, on several different legal theories, the constitutionality and legality of Indiana Code § 5-22-17-5.5 ("the defunding statute"), which prohibits certain state grants to and contracts with "any entity that performs abortions or maintains or operates a facility where abortions are performed." After this Court issued a preliminary injunction against the enforcement of the defunding statute, the Seventh Circuit affirmed that decision to the extent that it applied to Medicaid funds, concluding that the "free-choice-of-provider" provision of the Medicaid Act, 42 U.S.C. § 1396a(a)(23), is privately enforceable through 42 U.S.C. § 1983 and that the defunding statute likely violates that provision. *See Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972-80 (7th Cir. 2012), *cert. denied*, 569 U.S. 1004 (2013). On remand, the parties stipulated to the entry of final judgment in the plaintiffs' favor on their Medicaid Act claim (Dkt. 106), and this Court accordingly entered final judgment

1

and a permanent injunction prohibiting the defendants ("the State") "from enforcing the [defunding] statute to deny Medicaid funding and reimbursement to Planned Parenthood of Indiana, Inc." (Dkt. 107).

On June 26, 2025, the Supreme Court held in *Medina v. Planned Parenthood South Atlantic*, 606 U.S. __, 2025 WL 1758505 (June 26, 2025), that, contrary to the Seventh Circuit's holding in this case, the "free-choice-of-provider" provision of the Medicaid Act is not privately enforceable in an action brought pursuant to § 1983. A week later, the State filed its Expedited Motion to Vacate Injunction ("Motion to Vacate") (Dkt. 116), in which it asks this Court, pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, to vacate the injunction that it entered nearly twelve years ago. The plaintiffs acknowledge that *Medina* represents a "significant change in . . . law," and even that it may "warrant[] revision" of the final judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 393 (1992). However, the relief sought by the State in its Motion to Vacate is inappropriate for two reasons.

First, the Motion to Vacate is premature. The period of time for a party to seek rehearing in *Medina* has not yet expired and the Supreme Court's certified judgment has therefore not yet issued. *See* S. Ct. R. 44, 45. Given the well-recognized interest in ensuring the finality of decisions, this Court should not consider the State's Motion to Vacate unless and until *Medina* itself becomes final.

And second, to the extent that the State seeks not only the vacatur of the judgment and permanent injunction issued in the plaintiffs' favor but also the entry of judgment in *its* favor (Dkt. 116 at 2), its request is without basis. The plaintiffs asserted at least one legal claim that was never reached due to the disposition of their Medicaid Act claim, and may wish to assert additional

claims. Under these circumstances, even if the State ultimately prevails in its Rule 60(b) motion, the appropriate relief is not the entry of judgment in its favor but the reopening of this litigation after the prior judgment and corresponding injunctive relief are vacated. To allow them sufficient time to consider their options, if the judgment and permanent injunction are vacated and this case is reopened, the plaintiffs request that they be required to file a status report within thirty days concerning whether they intend to pursue their outstanding claim or any other claims and their proposal for future steps in this litigation.

**Argument**

## I.    The State's request is premature

As noted, the Supreme Court's decision in *Medina* was issued on June 26th. Any petition for rehearing in that case is therefore not due until July 21st, *see* S. Ct. R. 44(1), and the earliest that the certified judgment may issue is July 28th, *see* S. Ct. R. 45(3). The plaintiffs acknowledge that it is unlikely that the Supreme Court will rehear *Medina*. Nonetheless, "Rule 60(b) sets a high[] value on the societal interest in the finality of litigation." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) (cleaned up). Given this, it makes no sense for this Court to disturb its judgment on the basis of *Medina* until *Medina* itself becomes final. *See, e.g.*, *Veltze v. Bucyrus-Erie Co.*, 154 F.R.D. 214, 217 (E.D. Wis. 1994) (concluding that a Rule 60(b)(5) motion premised on other litigation was "premature" when the other litigation was still subject to "revers[al] or modifi[cation] on appeal"). Rule 60(b) demands "great caution," not haste. *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020).

While the State has sought "expedited" relief, there is no great urgency to its request. As noted, the permanent injunction against the defunding statute has been in effect now for almost twelve years. And, while *Medina* held that the "free-choice-of-provider" provision is not privately

3

enforceable through § 1983, nothing in that case disturbs the Seventh Circuit's holding that the defunding statute violates that provision. *See* 699 F.3d at 977-80. Even if the injunction is lifted, enforcement of the defunding statute will require a formal amendment to Indiana's State Medicaid Plan. (*See* Dkt. 48-2 [2011 proposed plan amendment]; Dkt. 48-3 [denial of 2011 proposed plan amendment]). That process requires gubernatorial review as well as approval from the Centers for Medicare and Medicaid Services, *see* 42 C.F.R. §§ 430.12, 430.14, 430.15, and may take ninety days or more, *see* 42 C.F.R. § 430.16. Whether or not necessary approvals are eventually secured, this process severely undercuts the State's claimed exigency.

## II.     If the final judgment is vacated, this case should be reopened

Rather than simply asking that the final judgment entered in the plaintiffs' favor be vacated, the State has requested that judgment be entered in its favor. Under the circumstances of this case, that request is highly improper.

In their initial Complaint, the plaintiffs advanced four different legal claims against the defunding statute, including a claim that the defunding statute violates the Contract Clause, U.S. Const. art. I, § 10, cl. 1. While three of the plaintiffs' claims were resolved by the Seventh Circuit and incorporated into the parties' stipulated final judgment, their Contract Clause claim has never been passed upon—by this Court in its preliminary-injunction decision (Dkt. 76), by the Seventh Circuit in its decision, or by this Court in issuing final relief (Dkts. 106 & 107). This was certainly appropriate, for the resolution of the Medicaid Act claim in the plaintiffs' favor rendered it unnecessary to resolve the Contract Clause claim. *See, e.g.*, *Ind. Right to Life Victory Fund v. Morales*, 66 F.4th 625, 632 (7th Cir. 2023) ("[W]hen we are faced with both statutory and constitutional questions, we must prioritize resolving the statutory issues if doing so would prevent us from engaging in unnecessary constitutional analysis.") (emphasis omitted). But, if the relief

4

premised on the Medicaid Act claim is vacated, the plaintiffs must be afforded an opportunity to assert their remaining claim for relief. Given the passage of time, they believe it may be appropriate to assert additional challenges to the defunding statute as well.

Rule 60(b) authorizes "a party or its legal representative" to be "relieve[d] . . . from a final judgment." It does not authorize the entry of final judgment in a defendant's favor when other issues are outstanding. *See, e.g.*, *BLOM Bank SAL v. Honickman*, 605 U.S. __, 145 S. Ct. 1612, 1619 (2025) (when Rule 60(b) relief issues, "a party seeking to reopen his case and replead" must only meet the "liberal amendment standard" of Rule 15(a)); *Kemp v. United States*, 596 U.S. 528, 533 (2022) (Rule 60(b) "permits a party to seek relief from a final judgment, and *request reopening* of his case, under a limited set of circumstances.") (cleaned up) (emphasis omitted). While both *Honickman* and *Kemp* arose under the more common circumstance in which the party seeking Rule 60(b) relief is also the one seeking the reopening of the litigation, that is a distinction without a difference: the necessity of reopening litigation emanates from the nature of Rule 60(b) itself. *See also David B. v. McDonald*, 116 F.3d 1146, 1150 (7th Cir. 1997) (directing the district court, if Rule 60(b) relief is warranted, to determine whether a decree is supported by "a substantial federal claim" and, in so doing, to allow the plaintiffs an opportunity to assert "new claims" against the manner in which the state agency "proposes to conduct itself").

The plaintiffs continue to evaluate the effect of *Medina* as well as other developments in the law and the facts since final judgment was entered in this case nearly twelve years ago. To allow them sufficient time to evaluate their options, if the judgment and permanent injunction are vacated and this case is reopened, they request that they be required to file a status report within thirty days concerning whether they intend to pursue their outstanding claim or any other claims and their proposal for future steps in this litigation.

**Conclusion**

The plaintiffs acknowledge that, once final, the Supreme Court's decision in *Medina* will represent a significant change in the law that may justify the vacatur of the permanent injunction and final judgment. This step, however, should await *Medina* actually becoming final. And, given that there is no basis for the State's request that final judgment be entered in its favor, the vacatur of the permanent injunction and final judgment should result in the reopening of this case, with a status report to be filed as outlined above.

Gavin M. Rose
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington Street
Indianapolis, IN 46202
317/635-4059
grose@aclu-in.org
kfalk@aclu-in.org

*Attorneys for the plaintiffs*