UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF INDIANA INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:11-cv-630-TWP-TAB |
| COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF EXPEDITED MOTION TO VACATE INJUNCTION**

There is no real dispute that the Supreme Court's decision in *Medina v. Planned Parenthood South Atlantic*, 606 U.S. ---, 145 S. Ct. 2219 (2025), requires vacatur of this Court's permanent injunction preventing enforcement of Indiana Code § 5-22-17-5.5(b)–(d) against Planned Parenthood. Planned Parenthood concedes that "*Medina* represents a 'significant change in . . . law' and even that it may 'warrant[] revision' of the final judgment." Resp. 2 (alterations in original). Planned Parenthood quibbles only over matters relating to timing and the form the amendment should take. Neither provides any basis for delaying vacatur of an injunction that, as both sides agree, contravenes the Supreme Court's decision in *Medina*.

**I.  The Rule 60(b)(5) Motion Should Be Granted Promptly**

Although Planned Parenthood does not dispute that *Medina* makes clear the injunction in this case never should have issued, Planned Parenthood urges delay in vacating it. Resp. 3–4. But Supreme Court precedent commands the judiciary to "promptly" grant requests for relief under Rule 60(b)(5) so "that 'responsibility for discharging the State's obligations is returned'" to its officials. *Horne v. Flores*, 557 U.S. 433, 450 (2009) (quoting *Frew ex rel. Frew v. Hawkins*, 540

1

U.S. 431, 442 (2004)); *see* State's Mem. 6–7. Continuing to enforce the injunction would be "'inequitable.'" *Evans v. City of Chicago*, 10 F.3d 474, 480 (7th Cir. 1993).

Planned Parenthood's suggestion that the Supreme Court might grant rehearing to reconsider *Medina*, Resp. 3, provides no reason for delay. For one thing, the period for rehearing expired on July 21, 2025. *See* Sup. Ct. R. 44.1 (directing that a petition for rehearing must be filed within 25 days of the decision). Even if Planned Parenthood had filed a petition for rehearing, *Medina* still has "immediate precedential weight." *Cox v. Dep't of Just.*, 111 F.4th 198, 209 (2d Cir. 2024). That means Planned Parenthood presently lacks a substantial federal claim that can support the injunction, regardless of whether they have filed for rehearing. Further, Planned Parenthood admits that it would be "unlikely" for the Supreme Court to reconsider its decision in *Medina*. Resp. 3. As the leading treatise on Supreme Court practice puts it bluntly, "a rehearing attempt by the losing party . . . has hardly any chance of success." E. Gressman, et al., *Supreme Court Practice* 815 (9th ed. 2007). The purely hypothetical possibility that Planned Parenthood's affiliate might seek an to seek rehearing, and that the Supreme Court might reconsider a decision that it has "thoroughly explored," *id.*, provides no reason to disregard *Medina*. The Court should not delay any longer in granting Indiana relief.

Planned Parenthood alternatively suggests that there is "no great urgency" to Indiana's request for relief because the injunction has been "in effect now for almost twelve years" and Indiana may have to amend its Medicaid plan. Resp. 3–4. Again, the Supreme Court disagrees. Federal courts must "promptly" grant States relief under Rule 60(b)(5) when there is a substantial change in the law, not slouch towards relief. *Horne*, 557 U.S. at 450. That unequivocal command makes sense: after all, injunctions like the one here raise substantial "separation of powers and federalism concerns." *Medina*, 145 S. Ct. at 2238 n.8; *see Horne*, 557 U.S. at 448. Thus, once a

party shows it is entitled to relief—and plaintiffs do not dispute that the State has done so—"a court abuses its discretion 'when it refuses to modify an injunction.'" *Horne*, 557 U.S. at 447 (quoting *Agostini v. Felton,* 521 U.S. 203, 215 (1997)). Planned Parenthood simply ignores binding precedent when it suggests that this Court has discretion to withhold relief.

## II. Planned Parenthood Cannot Use the State's Motion To Reopen the Entire Case

Although Planned Parenthood concedes that *Medina* "represents a 'significant change in . . . law'" and "may 'warrant[] revision' of the final judgment under Rule 60(b)(5)," Resp. 2, Planned Parenthood argues that it would be improper to enter an amended judgment in the State's favor. Resp. 4. As an initial matter, why Planned Parenthood opposes an amended judgment is unclear. The only relief that Planned Parenthood sought and obtained on its Medicaid claim was prospective relief. *See* Dkt. 1 at 15; Dkt. 107 at 1–2. If this Court determines (as it should) that *Medina* deprives Planned Parenthood of a substantial federal claim on the Medicaid claim, then the Court necessarily must amend the portion of its final judgment permanently enjoining the enforcement of Indiana Code § 5-22-17-5.5(b)–(d). Amending that portion of the judgment in favor of the State would be consistent with how this Court has handled motions for Rule 60(b)(5) relief in other cases involving Planned Parenthood. *See, e.g.*, Dkt. 149, Order Granting Mot. To Vacate Declaratory Judgment and Injunction, *Planned Parenthood of Ind. v. Comm'r, Ind. State Dep't of Health*, No. 1:16-cv-763-TWP-DML (S.D. Ind. July 18, 2022); Dtk. 150, Final Judgment Pursuant to Federal Rule of Civil Procedure 58, *Planned Parenthood of Ind. v. Comm'r, Ind. State Dep't of Health*, No. 1:16-cv-763-TWP-DML (S.D. Ind. July 18, 2022).

Planned Parenthood mentions that it originally asserted a Contract Clause claim that this Court's final judgment allegedly does not address. Resp. 4. What that has to do with the State's request for relief from a permanent injunction entered with respect to the Medicaid claim is

unclear. Nor is there any merit to Planned Parenthood's suggestion that a Contract Clause claim is still pending. To start, Planned Parenthood only challenged Indiana Code § 5-22-17-5.5(b)–(d)'s application to "contracts and/or grants currently in effect, or that were executed prior to the effective date of HEA 1210"—a statute enacted 12 years ago. Dkt. 1 at 11. Planned Parenthood does not contend that any contracts or grants predating HEA 1210's enactment are still in effect.

Moreover, when negotiating the stipulated final judgment, the parties made clear that it would resolve all claims. Planned Parenthood represented that "[n]either party wishes to contest the remaining claims in this matter," Dkt. 106 at 4, and that the stipulated judgment would "resolve all pending issues in this cause with the exception of plaintiffs' claims for attorneys' fees and costs," Dkt. 102 at 1. Then, in the final judgment, this Court stated that "plaintiffs' claim that Indiana Code § 5-22-17-2.2 (b)–(d) is unconstitutional and unlawful as applied to Planned Parenthood's receipt of Preventive Health Services Block grant funds through a contract with the Indiana State Department of Health is hereby DISMISSED with prejudice." Dkt. 107 at 1. And even if this Court's final judgment were somehow unclear regarding the status of Planned Parenthood's Contract Clause claim, Planned Parenthood's failure to press the claim for the last 12 years amounts to abandonment of the claim. *See Nat'l Ass'n of Gov. Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 705 (5th Cir. 1994) (failure to press a claim abandons it).

Additionally, to the extent Planned Parenthood seeks to reopen the judgment to press a Contract Clause claim or additional, unspecified claims, Planned Parenthood cannot do so by bootstrapping its request onto the State's motion for relief under Rule 60(b)(5). Procedurally, a request for affirmative relief must be made by motion, not dropped into an opposition brief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); S.D. Ind. L.R. 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed

motion, unless ordered by the court."); *Walker v. Trailer Transit, Inc.*, No. 1:13-cv-124, 2015 WL 735766, at *2 (S.D. Ind. Feb. 19, 2015) (denying request to reconsider ruling that was contained within response). Substantively, Planned Parenthood cannot tack a request to litigate claims that were dismissed with prejudice (or never asserted) onto the State's Rule 60(b)(5) motion. Rule 60(b)(5) authorizes relief a judgment where "applying it prospectively is no longer equitable," including after a substantial change in federal law. *See Horne*, 557 U.S. at 447. Here, the State has shown that there has been a substantial change in federal law with respect to Planned Parenthood's Medicaid claim. But Planned Parenthood has not shown a substantial change has occurred with respect to any of the claims that it seeks to press. Thus, it is not entitled to relief. *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630–31 (7th Cir. 1997) (denial of relief under Rule 60(b) affirmed where there was no substantial change in circumstances).

As Planned Parenthood concedes, *see* Resp. 5, none of the cases it cites holds that a defendant's motion for relief from a permanent injunction under Rule 60(b)(5) allows a plaintiff to pursue claims that the plaintiff lost or never pressed. Rather, its cases address situations in which a plaintiff sought to reopen an adverse final judgment so that the plaintiff could pursue claims. Resp. 5. Those cases do not alter the principle that the "party seeking to reopen his case and replead"—here, Planned Parenthood—"must first satisfy Rule 60(b) *on its own terms* and obtain Rule 60(b) relief." *BLOM Bank SAL v. Honickman*, 605 U.S. ---, 145 S. Ct. 1612, 1619 (2025) (emphasis added); *see Horne*, 557 U.S. at 447 (the "party seeking relief bears the burden of establishing that changed circumstances warrant relief"). Planned Parenthood therefore cannot piggyback on the State's Rule 60(b)(5) motion for relief from judgment with respect to the Medicaid claim. If Planned Parenthood wants relief from judgment with respect to other claims, Planned Parenthood must independently satisfy Rule 60(b)'s stringent requirements.

5

*David B. v. McDonald*, 116 F.3d 1146 (7th Cir. 1997), does not hold otherwise. In that case, the Seventh Circuit vacated a district court's refusal to modify a consent decree at the State of Illinois's request. *See id.* at 1150. It explained that the district court must consider "whether a substantial federal claim supports the decree as a whole; if not, the entire decree must be lifted and the task of shaping public policy be restored to persons today holding political office." *Id.* The Seventh Circuit stated in dicta that, if the consent decree was vacated, the plaintiffs would be free pursue "new claims." *Id.* But the Seventh Circuit did not state that plaintiffs were entitled to assert any new claims in the existing lawsuit, much less assert them without satisfying Rule 60(b). Instead, the Seventh Circuit reiterated that any new claims would have to be "made and proved; they do not breathe life into a decree entered under a different legal regime." *Id.*

In short, if Planned Parenthood believes that it is entitled to relief from the judgment, Planned Parenthood is free to file its own motion. But Planned Parenthood cannot avoid Rule 60(b)'s strict requirements by hitching its request for new relief onto the State's request for relief from an injunction. The Court should "promptly" return "to the State and its officials" the authority to enforce the State's duly enacted laws. *Horne*, 557 U.S. at 450.

## CONCLUSION

This Court should grant the State's motion, vacate its permanent injunction, and enter an amended judgment in favor of defendants.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

By: /s/ James A. Barta
JAMES A. BARTA
Solicitor General

JENNA M. LORENCE
Deputy Solicitor General

Office of the Attorney General
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

*Counsel for Defendants*