UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAI'I, ALASKA, INDIANA, KENTUCKY, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH, *et al.*,<br><br>Defendants. | Case No. 1:11-cv-630-TWP-MG |

## **DEFENDANTS' POSITION STATEMENT**

Pursuant to the Court's February 4, 2026 order, Dkt. 134, the Defendants submit this position statement. Defendants maintain that their expedited motion to vacate the permanent injunction under Federal Rule of Civil Procedure 60(b)(5) is not moot and, in accordance with the Supreme Court's directions for handling such motions, should be granted promptly.

It is black-letter law that a case or motion "becomes moot only when it is *impossible* to grant effective relief." *Alcarez v. Akron, Inc.*, 99 F.4th 368, 375 (7th Cir. 2024); *see, e.g.*, *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2019); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161–62 (2016); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). In this case, it is not impossible to grant Indiana any effective relief. Currently, the State "has an ongoing injury because it is barred from enforcing" a state law designed to prevent indirect state subsidization of abortion. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000); *see Trump v. CASA, Inc.*, 606 U.S. 831, 860 (2025) ("[A]ny time a State is enjoined by a court from effectuating statues enacted by representatives of its people, it suffers a form of irreparable injury." (quoting *Maryland v. King*,

1

567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)); *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 385 (7th Cir. 2019). Vacating the injunction would redress that sovereign injury, which means the matter is not "moot." *City of Erie*, 529 U.S. at 288.

The fact that federal law may prevent Planned Parenthood from receiving Medicaid funding until July 4, 2026, Dkt. 134 at 2, does not erase the injury to Indiana from being unable to enforce its laws, *see City of Erie*, 529 U.S. at 287–88 (holding a defendant city could seek judicial review of decision holding a city ordinance unconstitutional, even if the "'outcome of th[e] case will have no effect upon'" the plaintiff). That is especially easy to see in this case because Indiana's law sweeps more broadly than the 2025 Reconciliation Act. First, whereas the 2025 Reconciliation Act only affects Planned Parenthood's participation in Medicaid until July 4, 2026, Pub. L. No. 119-21, § 71113(a), 139 Stat. 72, 300 (July 4, 2025), Indiana's law has no time limit, Ind. Code § 5-22-17-5.5. Second, whereas the 2025 Reconciliation Act concerns only the use of "federal funds," § 71113(a), 139 Stat. at 300, Indiana's law prevents both "state funds [and] federal funds" from flowing to Planned Parenthood, Ind. Code § 5-22-17-5.5(b). And third, whereas the 2025 Reconciliation Act only bars the State from "mak[ing] payments" to Planned Parenthood, § 71113(a), 139 Stat. at 300, Indiana's law also bars state agencies from "enter[ing] into a contract" or "mak[ing] a grant" and requires them to undertake various actions to terminate existing contracts and grants, Ind. Code § 5-22-17-5.5(b)–(d). Unless and until this Court's injunction is vacated, however, state agencies cannot undertake the actions that state law requires.

Moreover, to the extent any doubt exists as to whether Planned Parenthood still requires the injunction after the 2025 Reconciliation Act, that doubt supports the injunction's vacatur. Planned Parenthood cannot claim to be aggrieved by the vacatur of an injunction that no longer affects it. More fundamentally still, a "substantial federal claim [is] essential to both entry and enforcement of a consent decree." *David B. v. McDonald*, 116 F.3d 1146, 1150 (7th Cir. 1997). If

the law changes "to make legal what the decree was designed to prevent," that change provides a basis for vacating the decree under Rule 60(b)(5). *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992); *see Horne v. Flores*, 557 U.S. 433, 447–50 (2009). Thus, even if the Court were to assume that the 2025 Reconciliation Act merely authorizes Indiana to do what its own law requires, vacatur of the injunction would be necessary. Planned Parenthood cannot cling to an injunction untethered from a substantial federal claim. *See David B.*, 116 F.3d at 1150.

One final point: The State's motion for relief from the judgment—filed just a week after *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025), established that Planned Parenthood cannot enforce the statute on which this Court's original injunction rests—has been pending since July 3, 2025. And it has been pending for these seven months despite express concessions from Planned Parenthood that "*Medina* represents a 'significant change in . . . law," Dkt. 120 at 2, that *Medina* "may 'warrant[] revision of the final judgment," *id.*, and that Planned Parenthood "do[es] not at this time intend to pursue . . . any other claims," Dkt. 133 at 2. To continue withholding relief would violate the Supreme Court's admonition that "'responsibility for discharging the State's obligations [should be] returned *promptly* to the State and its officials' when the circumstances warrant." *Horne*, 557 U.S. at 450 (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 442 (2004)) (emphasis added). The Court should grant the State's motion.

3

                                          Respectfully submitted,

                                          THEODORE E. ROKITA
                                          Attorney General of Indiana

Date: February 9, 2026        By:     <u>/s/ James A. Barta</u>
                                          JAMES A. BARTA
                                          Solicitor General

                                          Katelyn E. Doering
                                          Deputy Attorney General

                                          Office of the Attorney General
                                          Indiana Government Center South, Fifth Floor
                                          302 West Washington Street
                                          Indianapolis, Indiana 46204-2770
                                          Phone: (317) 232-0709
                                          Fax:  (317) 232-7979
                                          Email: James.Barta@atg.in.gov

                                          *Counsel for Defendants*