UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PLANNED PARENTHOOD GREAT NORTHWEST,　)
HAWAI'I, ALASKA, INDIANA, KENTUCKY, INC.,　)
*et al.*,　　)
　)
　　　　Plaintiffs,　　)
　)
　　　　v.　　)　　No. 1:11-cv-630-TWP-TAB
　)
COMMISSIONER OF THE INDIANA STATE　)
DEPARTMENT OF HEALTH, *et al.*,　　)
　)
　　　　Defendants.　　)

**PLAINTIFFS' POSITION STATEMENT**

**COME NOW** Plaintiffs, by their counsel, and, pursuant to this Court's Order Directing

Parties to File Position Statements (Dkt. 134), submit their supplemental position statement

regarding whether the defendants' request to vacate the permanent injunction in this cause (Dkt.

116) is moot. Although the motion to vacate is not moot, the State suffers no present injury from

the permanent injunction in this case because the State has already suspended Planned

Parenthood's Medicaid enrollment for a wholly independent reason and notwithstanding the

permanent injunction in this case, based on an intervening federal law that is set to expire on July

4, 2026. Because the permanent injunction currently has no practical impact and for the reasons

set forth below, Plaintiffs ask the Court to hold the State's Motion to Vacate in abeyance until the

federal law prohibiting federal Medicaid payments to Planned Parenthood expires.

Specifically, the plaintiffs state as follows:

1.　　In 2013, following the parties' submission of a Stipulation to Enter Into Agreed

Judgment, this Court issued a permanent injunction prohibiting the defendants ("the State") from

"enforcing [Ind. Code § 5-22-17-5.5(b)-(d)] to deny Medicaid funding and reimbursement to

1

[Planned Parenthood].” (Dkt. 107 at 2).  Nearly twelve years later, the State filed its Expedited Motion to Vacate Injunction (“Motion to Vacate”) (Dkt. 116), in which it contends that the permanent injunction should be vacated pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure in light of the Supreme Court's decision in *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025).

2.    As this Court noted, shortly after the State filed its Motion to Vacate, the federal government enacted the 2025 Reconciliation Act, Section 71113 of which prohibits federal Medicaid payments for one year to, among others, certain Planned Parenthood organizations (including the lead plaintiff here).  (*See* Dkt. 134 at 2).  In light of this enactment, the Indiana Family and Social Services Administration has suspended the Medicaid enrollment of Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, Inc. through July 4, 2026.  (*See* Dkt. 131-1 at 5-6).

3.    In light of these developments, it is likely that the vacatur of this Court's permanent injunction will have no practical effect until after July 4, 2026.  Indeed, as noted above, the State has accomplished its suspension of Planned Parenthood's Medicaid enrollment despite the permanent injunction, resulting in no federal *or state* Medicaid dollars being used to reimburse Planned Parenthood.

4.    The Motion to Vacate is not moot because Section 71113 of the Reconciliation Act will expire on July 4, 2026, and may not be replaced by another, similar federal prohibition. Until the federal prohibition expires, however, there can be no need to vacate the injunction. The State has asked the Court to vacate the injunction on the grounds that “continued enforcement of the permanent injunction would be inequitable and detrimental to the public interest” (Dkt. 117 at 6-8). But so long as the federal prohibition remains in place and forms an independent basis for the

2

State's suspension of Planned Parenthood from the Indiana Medicaid program, the State cannot reasonably contend that complying with the permanent injunction is onerous, unworkable, or detrimental to the public interest in any material way. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992).

5.      By contrast, there is good reason to reserve judgment on the Motion to Vacate until the parties and the Court have more information. The current federal prohibition is set to expire on July 4, 2026, and information about whether another federal prohibition has passed during the intervening period could affect how this case proceeds. For example, the scope of another federal action could further affect the Rule 60(b)(5) equity analysis with respect to the permanent injunction. Plaintiffs therefore ask the Court to hold the State's Motion to Vacate in abeyance until the federal law prohibiting federal Medicaid payments to Planned Parenthood expires.

**WHEREFORE,** the plaintiffs submit their supplemental position statement regarding whether the defendants' request to vacate the permanent injunction in this cause (Dkt. 116) is moot.

Gavin M. Rose
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington Street
Indianapolis, IN 46202
317/635-4059
grose@aclu-in.org
kfalk@aclu-in.org

*Attorneys for the plaintiffs*

3