**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAI'I, ALASKA, INDIANA, KENTUCKY, INC., DR. MICHAEL KING, M.D., LETITIA CLEMONS, DEJIONA JACKSON by her guardian and next friend JACKIE GRUBBS, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF THE INDIANA STATE DEPARTMENT OF HEALTH in his official capacity, DIRECTOR OF THE INDIANA STATE BUDGET AGENCY in his official capacity, COMMISSIONER OF THE INDIANA DEPARTMENT OF ADMINISTRATION in his official capacity, THE PROSECUTOR OF MARION COUNTY in his official capacity, THE PROSECUTOR OF MONROE COUNTY in his official capacity, THE PROSECUTOR OF TIPPECANOE COUNTY in his official capacity, SECRETARY OF THE INDIANA FAMILY AND SOCIAL SERVS. ADMINISTRATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:11-cv-00630-TWP-MG |

**INDICATIVE RULING ON DEFENDANTS'**
**SECOND MOTION TO VACATE INJUNCTION**

This matter is before the Court on a Second Motion to Vacate Injunction ("Second Motion to Vacate") filed pursuant to Federal Rule of Civil Procedure 60(b)(5) by Defendants Prosecutors of Marion, Monroe, and Tippecanoe Counties, the Commissioner of the Indiana State Department of Health, Director of the Indiana State Budget Agency, Commissioner of the Indiana Department

of Administration, and the Secretary of the Indiana Family and Social Services Administration (collectively, "Defendants") (Filing No. 148). For the following reasons, the Court issues this **indicative ruling** under Federal Rule of Civil Procedure 62.1 that if the Court of Appeals remands this case, the Court would be inclined to grant Defendants' Second Motion to Vacate.

## I. BACKGROUND

Plaintiffs Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, Inc.,[1] ("Planned Parenthood"), Michael King, Carla Cleary, Letitia Clemons, and Dejiona Jackson (collectively, "Plaintiffs") initiated this action in 2011, challenging provisions of Indiana House Enrolled Act 1210, codified at Ind. Code § 5-22-17-5.5(b)–(d) (the "Defunding Statute"), which prohibit certain entities that perform abortions, including Planned Parenthood, from receiving any state funding for health services unrelated to abortion.[2] Plaintiffs alleged that the Defunding Statute violates the Medicaid Act's "free-choice-of-provider" provision, 42 U.S.C. § 1396a(a)(23), is preempted by a federal grant-funding statute, 42 U.S.C. § 247c(c), and is unconstitutional. In June 2011, the Court entered a preliminary injunction enjoining enforcement of the Defunding Statute based on Plaintiffs' Medicaid Act and grant funding claims (Filing No. 76).

The Seventh Circuit affirmed the Court's decision only as to the Medicaid Act claim, finding that the "free-choice-of-provider" provision was privately enforceable through 42 U.S.C. § 1983, and that the Defunding Statute likely violated that provision. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972–80 (7th Cir. 2012), *cert. denied*, 569 U.S. 1004 (2013). On remand, the parties stipulated to the entry of a final judgment in

---

[1] Planned Parenthood of Indiana, Inc., was the original lead plaintiff, but in September 2025, its successor-in-interest, Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, Inc., was substituted for Planned Parenthood of Indiana, Inc. (Filing 124).

[2] Plaintiffs also challenged another provision of House Enrolled Act 1210, codified at Ind. § 16-34-2-1.1(a)(1), but that challenge is not relevant to the instant motion.

Plaintiffs' favor on the Medicaid Act claim (Filing No. 106). The Court therefore entered final judgment (the "Final Judgment"), which permanently enjoined Defendants "from enforcing the [Defunding Statute] to deny Medicaid funding and reimbursement to Planned Parenthood," and dismissing Plaintiffs' remaining claims with prejudice (Filing No. 107). With the exception of a few ancillary motions, this case sat dormant for the next twelve years.

Then, in June 2025, the United States Supreme Court issued its decision in *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025), which holds that the "free-choice-of-provider" provision of the Medicaid Act does not confer a privately enforceable right. A week after *Medina* was issued, Defendants filed a motion to vacate the Final Judgment and for entry of judgment in their favor (Filing No. 116). The next day, the federal 2025 Reconciliation Act was enacted. Section 71113 of the Act, like the Defunding Statute, relates to the defunding of Planned Parenthood. Pub. L. No. 119-21, § 71113, 139 Stat. 72, 300-01 (July 4, 2025). On October 1, 2025, Indiana suspended Planned Parenthood's state Medicaid enrollment pursuant to Section 71113, and that suspension will remain in effect until July 4, 2026. In the Order dated March 24, 2026, considering the recent federal legislative update and the possibility of additional pertinent legislative action, the Court found it prudent to hold the issue of vacatur in abeyance. Accordingly, the Court denied Defendants' first motion to vacate as premature without prejudice to refile "closer to the anticipated expiration of Section 71113." (Filing No. 141).

Defendants appealed the Court's March 24, 2026 Order. *Planned Parenthood Great Nw. v. Comm'r of Ind. State Dep't Health*, No. 26-1597 (7th Cir. Mar. 27, 2026). Defendants then quickly filed an appellate motion requesting summary reversal of this Court's March 24, 2026 Order or, in the alternative, an expedited appeal to permit issuance of a decision and mandate by no later than June 22, 2026. Plaintiffs responded with a cross-motion to dismiss. On April 10, 2026, while the

appellate cross-motions were pending, Plaintiffs' counsel emailed counsel for the State of Indiana stating that Plaintiffs would consent to remaining suspended from Indiana's Medicaid program through the resolution of a renewed Rule 60(b)(5) motion and any subsequent appeal. The State decided to proceed with its pending appeal. A few days later, the Seventh Circuit denied Defendants' motion to expedite, denied Plaintiffs' motion to dismiss, and set a briefing schedule. The appellants' reply brief was filed on June 26, 2026. The appeal remains pending.

On the evening of June 26, 2026, Defendants filed the instant Second Motion to Vacate. Given the impending expiration of Section 71113, the Court ordered expedited briefing (Filing No. 141). Plaintiffs filed their response on June 30, 2026 (Filing No. 151), and Defendants filed a reply later that evening (Filing No. 152). The Second Motion to Vacate is now ripe for review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation omitted). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Id.* The party seeking Rule 60(b)(5) relief must also show that the proposed relief is "suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 393 (1992). "[O]nce a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of such changes.'" *Horne*, 557 U.S. at 447 (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)).

4

### III.    DISCUSSION

As a threshold matter, the Court must confirm that it has jurisdiction to consider the Second Motion to Vacate (Filing No. 149 at 7 n.1; Filing No. 141 at 3). District courts generally lack jurisdiction over a case once it is on appeal. *Hughes v. Farris*, 809 F.3d 330, 333 (7th Cir. 2015). However, district courts retain limited authority to consider Rule 60(b) motions filed while an appeal is pending. While district courts lack the ability to grant any such motion, they may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that [the district court] would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a); *see Craig v. Ontario Corp.*, 543 F.3d 872 (7th Cir. 2008) (stating that, where a second Rule 60(b) motion is filed while the first Rul 60(b) motion is on appeal, "if the motion lacks merit, the court should rule promptly and deny it; if the court finds some merit, it should issue a short memorandum so that the court of appeals can be informed of its views and take appropriate action. . . . [A] wide variety of cases [support] the proposition that a district court has jurisdiction to consider or deny, *but not grant*, a Rule 60(b) motion." (emphasis added)); *Motorola Solutions, Inc. v. Hytera Commc'ns Corp.*, 108 F.4th 458, 503–04 (7th Cir. 2024) ("One proper procedure after Motorola's notice of appeal was filed would have been for the district court to issue an indicative ruling on the outstanding Rule 60(b) motion under Rule 62.1."); Under the Federal Rules of Appellate Procedure, if the district court states that it would grant a motion for relief that it lacks authority to grant because an appeal has been docketed, the appellate court may remand for further proceedings." Fed. R. App. P. 12.1(b).

The Federal Rules and Seventh Circuit precedent make clear that the Court presently cannot grant the Second Motion to Vacate. In that case, Defendants ask that the Court issue an indicative ruling (Filing No. 149 at 7 n.1). Plaintiffs, on the other hand, argue that the Second Motion to Vacate presents the same issue currently being litigated on appeal, creating a risk of

5

overlapping (and potentially inconsistent) decisions, so the Court should either deny or defer a ruling on the Second Motion to Vacate (Filing No. 151 at 3–5).

The Court, in its discretion, finds that an indicative ruling is appropriate. The risk of inconsistent rulings or duplicative litigation is not so great that it warrants deferring the resolution of the vacatur issue further. The current appeal challenges the Court's decision to hold the issue in abeyance, whereas the instant Motion would actually decide the issue. Additionally, if the Seventh Circuit finds that it would be more efficient to resolve the vacatur issue itself, it may simply decline to remand this action. A district court's indicative ruling is, after all, merely indicative.

Having decided that an indicative ruling is appropriate, the Court turns to the parties' arguments. Defendants argue that *Medina* and ongoing harms to State interests warrant vacatur of the Final Judgment and permanent injunction, and entry of declaratory judgment in favor of Defendants on Plaintiffs' Medicaid Act claim. More specifically, Defendants contend that *Medina* overrules the Seventh Circuit's decision that the Medicaid Act's "free-choice-of-provider" provision creates a cause of action, and it eliminates any "substantial federal claim" justifying the continued enforcement of the permanent injunction, *David B. v. McDonald*, 116 F.3d 1146, 1150 (7th Cir. 1997). (Filing No. 149 at 8–11). Defendants further assert that continued enforcement of the permanent injunction would improperly interfere with the state and federal governments' cooperative administration of Medicaid and would offend principles of federalism. *Id.* at 11–13.

Plaintiffs argue that the State's request for relief is not urgent here, "because Planned Parenthood has agreed to remain suspended from Indiana's Medicaid program while the Rule 60(b)(5) litigation progresses," therefore ,the State is not suffering imminent harm. (Filing No. 151 at 6). While this is true, Defendants' arguments are well-reasoned and not opposed by Plaintiffs. Plaintiffs do, however, argue that the Court should clarify in its indicative ruling that any vacatur

and amended judgment would apply only prospectively—from the date of the vacatur order and amended judgment (Filing No. 151 at 7–8). This clarification, Plaintiffs argue, "will help to ameliorate unpredictable collateral consequences of vacatur of the injunction," like the potential weaponization of the vacatur to call into question Medicaid payments that were made to Plaintiffs while the Final Judgment and agreed permanent injunction were in effect over the past thirteen years (Filing No. 151). The Court agrees with Plaintiffs that this clarification is proper, given that Rule 60(b)(5) focuses on granting relief from an injunction where "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5); *see Horne*, 557 U.S. at 447. In any event, Defendants confirm that they do not seek to retroactively enforce an amended judgment (Filing No. 152 at 5 ("The State has no intention of attempting to recoup past Medicaid payments based on Indiana Code Section 5-22-17.5.5(b)–(d))). And moreover, nothing in any of Defendants' Rule 60(b)(5) briefing indicates that prospective *and* retroactive relief would be appropriately tailored to the changed circumstances in this case. *Rufo*, 502 U.S. at 393.

In sum, if the Seventh Circuit remands this action, this Court would be inclined to grant Defendants' Second Motion to Vacate, with the added clarification that the vacatur would be effective on the date of vacatur, and the amended judgment in favor of Defendants on the Defunding Statute claim would be effective on the date of the amended judgment.

## IV.    <u>CONCLUSION</u>

For the reasons explained above, the undersigned issues an indictive ruling. If the Court of Appeals remands this case under Fed. R. Civ. P. 62.1, this Court would be **INCLINED TO GRANT** Defendants' Second Motion to Vacate Injunction (Filing No. 148); and order the vacatur of the Final Judgment and entry of an amended judgment in favor of Defendants, effective the date of the vacatur and the date of the amended judgment, respectively.

**SO ORDERED**

Date:    7/1/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

James A. Barta
Office of the Indiana Attorney General
james.barta@atg.in.gov

Thomas Leonard Brejcha, Jr.
THOMAS MORE SOCIETY
tbrejcha@thomasmoresociety.org

Ethan Price Davis
UNITED STATES DEPARTMENT OF JUSTICE
ethan.p.davis@usdoj.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Eric Allan Koch
THE KOCH LAW FIRM, P.C.
eric@thekochlawfirm.com

Paul B. Linton
SPECIAL COUNSEL, THOMAS MORE SOCIETY
pblconlaw@aol.com

John P. Lowrey
Office of IN Attorney General
john.lowrey@atg.in.gov

Joseph Wilfred Mead
UNITED STATES DEPARTMENT OF JUSTICE
joseph.w.mead@usdoj.gov

Tamra Tyree Moore
UNITED STATES DEPARTMENT OF JUSTICE
tamra.moore@usdoj.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org